**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

No. 11-31098
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CALVIN ODOM, also known as Butch Wilson, also known as Calvin Odon,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:00-CR-50050

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Calvin Odom, federal prisoner # 16638-112, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence based on Amendment 706 to § 2D1.1 of the United States Sentencing Guidelines. He currently is serving a life sentence for conspiring to commit money laundering and conspiring to possess with intent to distribute fifty or more grams of cocaine base and five or more kilograms of cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court determined that Odom was not eligible for a § 3582(c)(2) reduction in his sentence because Amendment 706 did not have the effect of lowering his guidelines range of imprisonment. Odom acknowledges that fact but argues that the district court should have granted his § 3582(c)(2) motion based on consideration of the 18 U.S.C. § 3553(a) factors. Citing the "unique circumstances of [his] case," he contends that "failure to reduce his sentence resulted in the district court's sanctioning of a draconian and discriminatory punishment [that violated his] rights to equal protection and due process." Odom asserts that his sentence was unduly harsh because it was calculated in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), based on an amount of crack cocaine that was neither alleged in the indictment nor established beyond a reasonable doubt and because he was sentenced at a time when the Guidelines unjustly applied a 100:1 ratio in calculating sentences for defendants convicted of crimes involving crack cocaine as opposed to powder cocaine.

Because Amendment 706 did not have the effect of lowering Odom's applicable guidelines range, Odom was ineligible for a sentence reduction under § 3582(c)(2) as a matter of law. *See* U.S.S.G. § 1B1.10(a)(2)(B). Thus, the district court had no cause to determine whether a sentence reduction would be appropriate in light of the relevant § 3553(a) factors. *See Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010). Moreover, Odom's arguments challenged aspects of his original sentence that were not affected by Amendment 706 and were not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).

Odom has not shown that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Odom's motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2.